FRED T. LEY. & Co., INC., a Massachusetts Corporation, *Plaintiff in Error,* v. EDWARD C. HILKER, *Defendant in Error.*

148 So. 525.
Division B.
Opinion filed May 9, 1933.
Re-hearing denied June 1, 1933.

*Shutts & Bowen, L. S. Bonsteel* and *Herbert S. Sawyer,* for Plaintiff in Error;

*George W. Coleman* and *Coleman & Cook,* for Defendant in Error.

PER CURIAM.—This case comes before us on writ of error to the judgment of the Circuit Court for Palm Beach County in favor of the plaintiff below, defendant in error here.

Plaintiff in error states that there are three questions to be determined. The first question challenges the right of the plaintiff to substitute, after declaration is filed, a different sole plaintiff from the plaintiff in whose name the original suit was filed. The original suit was filed in the name of E. C. Hilker, Inc., a Florida Corporation, v. Fred T. Ley & Co., a Massachusetts Corporation.

Later the plaintiff filed motion for leave to amend its declaration by substituting Edward C. Hilker in the place and stead of the plaintiff E. C. Hilker, Inc., a Florida Corporation. The motion to amend was granted and amended declaration was filed, all of which was after notice to the defendant.

Thereupon, the defendant filed its pleas to the declaration so amended. By the filing of such pleas, the defendant waived any objections to the substitution of one plaintiff for another.

The other two questions which plaintiff in error attempts to present are based upon the fact that a memorandum of account not shown to be the original entry and not kept by the plaintiff, the witness then testifying, was allowed to be used by the witness to refresh his memory. Timely ob-

jections were made to the use of such memorandum. Such objections were overruled and the memorandum was used.

Whether or not this constituted reversible error it is not necessary for us to determine because after this evidence had been admitted over the objections of the defendant the defendant voluntarily made the plaintiff its own witness and proceeded to prove by such witness the amount of the balance due from the defendant to the plaintiff, which amount so proven by the defendant using the plaintiff as its witness was entirely sufficient to sustain the verdict. By this procedure, the defendant rendered the error committed, if any, harmless.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.